UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KYLE J. SWARTHOUT,

    Petitioner,

v.

ADAM DOUGLAS,

    Respondent.

Case No. 2:25-cv-12142

Honorable Denise Page Hood

# OPINION AND ORDER DENYING PETITIONER'S MOTIONS TO APPOINT COUNSEL (ECF NO. 8) AND FOR EVIDENTIARY HEARING (ECF No. 9)

This is a habeas action brought by Michigan prisoner, Kyle J. Swarthout, under 28 U.S.C. § 2254. Before the Court are Petitioner's motions to appoint counsel and for an evidentiary hearing to develop his ineffective assistance of trial counsel claim. For the reasons stated below, the Court will DENY the motions without prejudice.

With respect to the motion to appoint counsel, Petitioner is not entitled to counsel at this stage of the case. A habeas petitioner may obtain representation at any stage of a case "[w]henever the United States magistrate or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Here, the Court recently ordered Respondent to

answer the petition. A response and the Rule 5 materials have yet to be filed. The Court therefore finds that it is premature to determine whether justice requires appointment of counsel and denies the motion. The Court will reconsider this request on its own motion when it reviews the answer and state court record.

Similarly, Petitioner's motion for an evidentiary hearing is also premature. When deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable the habeas petitioner to prove the petition's factual allegations, which, if true, would entitle the petitioner to federal habeas relief on his claim or claims. *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). "[B]ecause the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate." *Id*. If the record refutes the habeas petitioner's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing. *Id*.

It is evident from these standards that a federal district court must refer to the entire record to determine whether it is appropriate to grant an evidentiary hearing in a habeas corpus case. As stated, Respondent has yet to file the Rule 5 materials in this case. Without these materials, the Court

is unable to determine whether an evidentiary hearing on Petitioner's claim is needed. Accordingly, Petitioner's motion is denied without prejudice at this time. Following review of those materials, the Court will then determine whether an evidentiary hearing is necessary to resolve Petitioner's claims. Petitioner need not file any further motions regarding this issue.

Accordingly, the Court **DENIES** Petitioner's motions to appoint counsel (ECF No. 8) and for an evidentiary hearing, (ECF No. 9).

**IT IS SO ORDERED**.

s/Denise Page Hood  
DENISE PAGE HOOD  
United States District Judge

Dated:  January 22, 2026