UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KYLE J. SWARTHOUT,

Petitioner,

Civil Action No. 2:25-cv-12142
HONORABLE DENISE PAGE HOOD

v.

ADAM DOUGLAS,

Respondent.
_______________________________________/

**ORDER HOLDING IN ABEYANCE THE PETITION FOR A WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE**

Kyle J. Swarthout, ("Petitioner"), confined at the Saginaw Correctional Facility in Freeland, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction for armed robbery, Mich. Comp. Laws § 750.529(1)(a), assault with intent to do great bodily harm less than murder, § 750.84(1)(a), larceny from the person, § 750.357, and being a fourth felony habitual offender, Mich. Comp. Laws § 769.12. Respondent filed an answer to the petition. Upon reviewing the case, the Court has determined that the petition contains claims that have not been exhausted with the state courts. *In lieu of* dismissing the petition without prejudice, this Court holds the petition in abeyance and stays the proceedings under the terms outlined in this opinion to permit Petitioner to

exhaust these claims. If this fails, the petition will be dismissed without prejudice.

## I. BACKGROUND

Petitioner was charged in two separate cases that were consolidated for a single trial. Petitioner was convicted by a jury in the Midland County Circuit Court. The conviction was affirmed on appeal. *People v. Swarthout*, No. 361887, 2023 WL 8867919 (Mich. Ct. App. Dec. 21, 2023); *lv. den*. 6 N.W.3d 377 (Mich. 2024).

Petitioner seeks a writ of habeas corpus on the following grounds: (1) there was insufficient evidence to convict Petitioner of armed robbery and assault with intent to do great bodily harm, (2) Petitioner's two criminal cases were improperly joined in a single trial, (3) improper admission of prior bad acts evidence, (4) improper police testimony where the officer identified Petitioner from a surveillance videotape, and (5) ineffective assistance of counsel.

Respondent filed an answer to the petition. As part of the answer, Respondent contends that the petition is subject to dismissal because Petitioner's third and fourth claims were not raised in the state courts as federal constitutional violations. (ECF No. 12, PageID.64). Respondent further argues that Petitioner's fifth claim alleging the ineffective assistance

of counsel contains subclaims that were not raised before the Michigan courts. (*Id.*, PageID.124).

## II. DISCUSSION

The petition is subject to dismissal; it contains claims that were not properly exhausted with the state courts.

As a general rule, a state prisoner who seeks federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971); *see also Gross v. Warden, Lebanon Corr. Inst.*, 426 F. App'x 349, 355 (6th Cir. 2011). Although exhaustion is not a jurisdictional issue, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *See Wagner v. Smith,* 581 F.3d 410, 415 (6th Cir. 2009). Therefore, each claim must be reviewed by a federal court for exhaustion before any claim may be reviewed on the merits by a federal court. *Id.* Federal district courts normally must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. *See Pliler v. Ford,* 542 U.S. 225, 230 (2004) (citing *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)). A habeas petitioner has the burden of proving that he exhausted his claims with the state courts. *See Caver v. Straub*, 349 F.3d 340, 345 (6th Cir. 2003).

Petitioner's third and fourth claims are unexhausted because he did not raise them as a violation of the federal constitution in the state appellate courts but instead raised these claims as a violation of state law and procedure. (ECF Nos. 13-9, PageID.863-71, ECF No. 13-10, PageID.986-94).[1]

In order to exhaust state court remedies, a habeas petitioner must present his claim to the state courts as a federal constitutional issue. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984) (internal citations omitted). In order for a federal court on habeas review to determine whether a habeas petitioner's claims have been "fairly presented" as federal constitutional claims, a court asks whether the petitioner: (1) "relied upon federal cases employing constitutional analysis"; (2) "relied upon state cases employing federal constitutional analysis"; (3) "phrased the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right"; or (4) "alleged facts well within the mainstream of constitutional law." *Nian v. Warden, N. Cent. Corr. Inst.*, 994 F.3d 746, 751 (6th Cir. 2021) (quoting *Hand v. Houk*, 871 F.3d 390, 418 (6th Cir. 2017)). It is not enough that all the facts necessary to support the federal claim were

[1] Although Petitioner's two criminal cases were consolidated for trial, he was permitted to file a separate claim of appeal from each of those cases although the cases were again consolidated on appeal. The briefs filed in both appeals were identical.

presented to the state courts, or that a somewhat similar state law claim was made. *Anderson v. Harless*, 459 U.S. 4, 6 (1982). The mere similarity of claims between the state appeals and the federal habeas petition is insufficient for exhaustion purposes. *Duncan v. Henry*, 513 U.S. 364, 366 (1995).

Petitioner only presented his third claim involving the admission of prior bad acts evidence to the state courts as a violation of Michigan Rules of Evidence 404(b). With respect to his fourth claim involving the police officer's alleged improper testimony, it is true that Petitioner's appellate counsel cited to two federal cases, *United States v. Begay*, 42 F.3d 486 (9th Cir. 1994) and *United States v. Pierre,* 998 F.2d 1460 (9th Cir. 1993) (ECF. No. 13-9, PageID.869-70, ECF No. 13-10, PageID.992-93). Neither case, however, involved a matter of federal constitutional law but involved whether lay opinion testimony was admissible under F.R.E. 701. Petitioner was arguing that the admission of the officer's lay opinion testimony violated M.R.E. 701. Petitioner's use of this federal caselaw in his state appellate briefs "actually underscores the fact that he was pressing this issue as a purely state law claim, because it is clear that he offered this case by analogy for the purpose of bolstering his state law claim." *Cristini v. McKee*, No. 01-CV-74483-DT,

2003 WL 27386182, at *3 (E.D. Mich. Mar. 19, 2003) (citing *Casella v. Clemons*, 207 F. 3d 18, 21 (1st Cir. 2000)).

Petitioner's fifth claim is also unexhausted because it contains ineffective assistance of counsel claims that he did not raise on his appeal of right before the Michigan Court of Appeals.

Petitioner in his fifth claim alleges that he was denied the effective assistance of trial counsel because they did not see "eye to eye" from the first meeting. Petitioner further alleges that trial counsel: (1) refused to file motions on Petitioner's behalf, (2) failed to argue the correct defense to the jury, in that he failed to argue that this was not an armed robbery, (3) failed to make any objections, (4) failed to request different footage of surveillance videotape from the store, and (5) failed to call inmates from the lineup that Petitioner participated in to testify that Petitioner did not make certain remarks. (ECF No. 1, PageID.15).

Petitioner did raise an ineffective assistance of counsel claim on his appeal of right before the Michigan Court of Appeals involving counsel's failure to object to a detective's nonresponsive testimony that he asked another detective to go inside the drugstore to see if Petitioner was inside "due to Kyle knowing myself rather well." (ECF No. 13-9, PageID.872-75, ECF No. 13-10, PageID.995-98). However Petitioner did not raise any other

ineffective assistance of counsel claims in his appeal of right before the Michigan Court of Appeals.

The mere fact that Petitioner raised this ineffective assistance of counsel claim on his appeal of right would be insufficient to exhaust his other ineffective assistance of trial counsel claims. A claim may be considered "fairly presented" only if the petitioner asserted both the factual and legal basis for his claim in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). The doctrine of exhaustion mandates that the same claim under the same theory be presented to the state courts before it can be raised in a federal habeas petition. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). "Even the same claim, if raised on different grounds, is not exhausted for the purpose of federal habeas review." *Rayner v. Mills*, 685 F.3d 631, 643 (6th Cir. 2012).

A habeas petitioner is required to present to the state courts "the same specific claims of ineffective assistance [of counsel] made out in the habeas petition." *Wyldes v. Hundley,* 69 F.3d 247, 253 (8th Cir. 1995) (quoting *Tippitt v. Lockhart,* 903 F.2d 552, 554 (8th Cir. 1990). Because Petitioner's current ineffective assistance of trial counsel claims are different than the ineffective assistance of counsel claim presented during Petitioner's appeal of right, these claims have not been fairly presented to the state courts. *See Caver*

*v. Straub,* 349 F.3d at 346-47 (citing to *Pillette v. Foltz,* 824 F.2d 494, 497 (6th Cir. 1987)); *see also Brandon v. Stone,* 226 F. App'x 458, 459 (6th Cir. 2007) (state prisoner had not exhausted his state court remedies as to claim that trial counsel was ineffective for failing to advise him regarding the merits of the various plea offers set before him, where this particular instance of ineffectiveness had not been mentioned in his state court proceedings).

Petitioner attempted to raise these ineffective assistance of trial counsel claims in his application for leave to appeal to the Michigan Supreme Court. (ECF No. 13-11, PageID.1059).

Raising a claim for the first time before the state courts on discretionary review does not amount to a "fair presentation" of the claim to the state courts for exhaustion purposes. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Petitioner failed to present his ineffective assistance of counsel claims on his direct appeal with the Michigan Court of Appeals, thus, his subsequent presentation of these claims to the Michigan Supreme Court does not satisfy the exhaustion requirement for habeas purposes. *See Hickey v. Hoffner*, 701 F. App'x 422, 425 (6th Cir. 2017); *Skinner v. McLemore,* 425 F. App'x 491, 494 (6th Cir. 2011); *Farley v. Lafler,* 193 F. App'x 543, 549 (6th Cir. 2006).

Petitioner could exhaust his claims by filing a post-conviction motion for relief from judgment under Michigan Court Rule 6.500 with the Midland

County Circuit Court. *See Wagner v. Smith,* 581 F.3d at 419. Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997). Petitioner, in fact, is required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust any claims that he would raise in his post-conviction motion. *See e.g. Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

The outright dismissal of the petition, albeit without prejudice, might result in preclusion of consideration of Petitioner's claims in this Court due to the expiration of the one year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2244(d)(1). A common circumstance that calls for the abatement of a habeas petition arises when the original petition was timely filed, as the case here, but a second, exhausted habeas petition would be time barred by the statute of limitations for filing habeas petitions contained in 28 U.S.C. § 2244(d)(1). *See Hargrove v. Brigano,* 300 F.3d 717, 720-21 (6th Cir. 2002).

The U.S. Supreme Court indicated that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on

the AEDPA's statute of limitations could file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005) (citing *Rhines v. Weber,* 544 U.S. 269 (2005)). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, if there is good cause for failure to exhaust and the unexhausted claims are not "plainly meritless." *Rhines,* 544 U.S. at 278.

Petitioner's claims do not appear to be "plainly meritless." *Wagner v. Smith,* 581 F.3d at 419. Further, Petitioner could assert that he did not previously raise these claims in the state courts due to the ineffective assistance of appellate counsel. *Id.*, at 419, nn. 4 and 5. Petitioner also has good cause for failing to raise any ineffective assistance of appellate counsel claim earlier because state post-conviction review would be the first opportunity that he had to raise this claim in the Michigan courts. *See Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010). [2]

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place

[2] This Court has the discretion to stay the petition and hold it in abeyance even though Petitioner did not specifically request this Court to do so. *See e.g. Banks v. Jackson,* 149 F. App'x 414, 422, n. 7 (6th Cir. 2005).

reasonable time limits on a petitioner's trip to state court and back." *Rhines,* 544 U.S. at 278. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes upon Petitioner time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court by filing a post-conviction motion for relief from judgment with the state trial court within ninety days from the date of this Order. *See id.* Further, he must ask this Court to lift the stay within ninety days of exhausting his state court remedies. *See id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F.3d at 781 (internal quotation omitted).

While Petitioner's case is pending in the Michigan courts, the Court will administratively close the case because this case may lie dormant for many months while Petitioner pursues his post-conviction claims at each level of Michigan's criminal justice system. *See Washington v. Artis*, No. 2:24-CV-12537, 2025 WL 595154, at *3 (E.D. Mich. Feb. 24, 2025). "Administrative closures are a tool of docket management. Existing outside the Federal Rules of Civil Procedure, administrative closures primarily serve as a method to shelve pending, but dormant, cases." *Rodriguez v. Hirshberg Acceptance Corp.*, 62 F.4th 270, 274 (6th Cir. 2023) (cleaned up). Importantly, "the

closing has no effect other than to remove a case from the district court's active docket and permit the transfer of records associated with the case to an appropriate storage repository." *Id.* (cleaned up). Because an administrative closure would have no effect on the disposition of the case, "an administrative closure is not tantamount to a formal dismissal of a case," which is appealable. *Id.* Petitioner may move to reopen the case after exhausting all claims in state court.

## III. ORDER

It is **ORDERED** that the proceedings are **STAYED** and the Court holds the habeas petition in abeyance. Petitioner shall have **ninety (90) days** from the date of this order to file his amended habeas petition. Petitioner shall file a motion to reopen the petition under the current case number and using the current caption. Petitioner is free to file an amended habeas petition containing his newly exhausted claims at that time. To avoid administrative difficulties, the Clerk of Court shall **CLOSE** this case for statistical purposes only. Upon receipt of a motion to reopen the habeas petition, the Court will order the Clerk to reopen this case for statistical purposes.

s/Denise Page Hood
DENISE PAGE HOOD
United States District Judge

Dated: September 24, 2026